IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-146-D

| | | |
|---|---|---|
| CRISTIAN VELASQUEZ, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| SALSAS AND BEER RESTAURANT, INC., et. al., | ) ) ) ) | |
| Defendants. | ) | |

On April 7, 2015, Cristian Velasquez ("plaintiff"), on behalf of himself and all others similarly situated, filed suit against Salsas and Beer Restaurant, Inc., Noe Patino, Patricia Patino, Dionisio Patino, and Ismael Patino ("defendants") for unpaid overtime under the federal Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act. See Compl. [D.E. 1]. On July 31, 2015, the court entered a scheduling order with "critical deadlines." See [D.E. 24] 1. The court incorporated the parties' deadline of January 6, 2016, for the parties to complete Phase I pre-certification discovery. See id.; [D.E. 23] 2. The court also incorporated the parties' deadline of February 15, 2016, for plaintiff to file a motion for conditional certification of collective action under the FLSA and a motion for class certification. See [D.E. 24]; see also [D.E. 23] 2, 6.

The time for plaintiff to complete Phase I pre-certification discovery expired on January 6, 2016. See [D.E. 24] 1; [D.E. 23] 2. The time for plaintiff to file a motion for conditional certification of a collective action under the FLSA and for class certification under the North Carolina Wage and Hour Act expired on February 15, 2016. See [D.E. 24] 1; [D.E. 23] 2, 6. Plaintiff did not meet these deadlines.

On March 30, 2016, plaintiff moved to amend the scheduling order [D.E. 26] and filed a memorandum in support [D.E. 27]. Essentially, plaintiff wants the court to impose new deadlines for those that he missed. See [D.E. 26] 1; [D.E. 27] 12. In support, plaintiff asserts that his counsel inadvertently calendared the wrong discovery deadline and that counsel's father became seriously ill from late December 2015 until his death on March 9, 2016. See [D.E. 27] 1–2. Plaintiff argues that leave to amend should be freely given under Rule 15, that good cause exists due to counsel's inadvertent calendaring error and family circumstances, and that plaintiff's failure to meet the deadlines in the scheduling order was due to excusable neglect. See id. 6–14. Alternatively, if the court denies the motion to amend the scheduling order, plaintiff seeks leave to amend the complaint to add named plaintiffs pursuant to Federal Rule of Civil Procedure 21. See id. 15–17.

On April 25, 2016, defendants responded in opposition [D.E. 28]. Defendants argue that Rule 15 does not inform a court's analysis of whether to grant leave to amend a scheduling order. See id. 3–4. Rather, Rule 16 governs the analysis and requires a showing of good cause. See id. 4; Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008). Defendants then argue that plaintiff has not shown good cause because plaintiff has not shown that plaintiff acted diligently and that, despite plaintiff's diligence, the scheduling order's deadline could not reasonably have been met. See [D.E. 28] 4–8 (citing Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (unpublished)). In support, defendants argue that plaintiff's counsel's calendaring error concerning Phase-I pre-certification discovery does not amount to good cause and that the alleged calendaring error concerning Phase-I pre-certification discovery does not explain counsel's missing the February 15, 2016, deadline for collective/class certification. Id. 5–6. Defendants also argue that plaintiff's counsel has not acted diligently throughout the discovery period, including the many months before counsel's father became ill. See id. 6–9. Finally, defendants argue that plaintiff's counsel's

2

misinterpretation of the scheduling order does not constitute excusable neglect warranting an amended scheduling order. See id. 9–11 (citing In re Veritas Software Corp. Sec. Lit., 496 F.3d 962, 973–74 (9th Cir. 2007); Corwin v. Walt Disney Co., 475 F.3d 1239, 1255 (11th Cir. 2007); Quigley v. Rosenthal, 427 F.3d 1232, 1237–38 (10th Cir. 2005); Thompson v. E.I. DuPont de NeMours & Co., 76 F.3d 530, 534–35 (4th Cir. 1996)).

"Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." Nourison Rug Corp., 535 F.3d at 298. A trial court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

In order to amend a scheduling order, a party must first establish "good cause" under Rule 16. See, e.g., Nourison Rug Corp., 535 F.3d at 298–99. If the party fails to establish "good cause" under Rule 16, a trial court may deny the motion to amend the scheduling order. See id.; see also Royce v. Wyeth, No. 2:04-0690, 2011 WL 1397043, at *1–2 (S.D. W. Va. Apr. 13, 2011) (unpublished); Hare v. Opryland Hosp., LLC, No. DKC 09-0599, 2010 WL 3719915, at *3 (D. Md. Sept. 17, 2010) (unpublished); Rodgers v. Hill, No. 5:08-CT-3105-D, 2010 WL 3239104, at *13 (E.D.N.C. Aug. 16, 2010) (unpublished); Halpern v. Wake Forest Univ. Health Scis., 268 F.R.D. 264, 266 (M.D.N.C. 2010); Remediation Prods., Inc. v. Adventus Ams. Inc., No. 3:07CV00153-RJC-DCK, 2009 WL 101692, at *1–2 (W.D.N.C. Jan. 8, 2009) (unpublished). Rule 16's "good cause" focuses primarily on "the diligence of the moving party." Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished). Establishing good cause requires the moving party to show that the deadlines could not reasonably have been met despite the party's diligence. See, e.g., Cook, 484 F. App'x at 815; United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007).

3

Having reviewed the entire record, the court finds that plaintiff's conduct falls "far short of [the diligence] required to satisfy the good cause standard." Nourison Rug Corp., 535 F.3d at 298; see Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011). Accordingly, because plaintiff has not demonstrated "good cause," the court denies plaintiff's motion to amend the scheduling order. The court also denies plaintiff's alternative request to amend the complaint. The proposed amendment also requires good cause, and plaintiff has not demonstrated good cause. See Nourison Rug Corp., 535 F.3d at 298.

In sum, plaintiff's motion to amend the scheduling order [D.E. 26] is DENIED.

SO ORDERED. This 13 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge